# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

A. L., D. L., J. S., D. S., S. J. K., S. L. K.,
A. B., M. B., D. H., J. M., S. M., E. M., J.
K., D. M., C. M., J. C., L. C., T. P., C. M.
J., D. M. J., S. G., J. B., K. B., J. B. W., K.
P. B. and S. P.,

        **Plaintiffs,**

v.                                  Case No:   6:14-cv-1544-Orl-22GJK

**WALT DISNEY PARKS AND
RESORTS U.S. INC.,**

        **Defendant.**

## ORDER

This cause comes before the Court on Plaintiffs' Motion for Leave to File Amendment to Complaint (Doc. No. 51), in response to which Defendant Walt Disney Parks and Resorts U.S. Inc. ("Disney") filed a Memorandum in Opposition (Doc. No. 60) and Plaintiffs filed a Reply (Doc. No. 61). Subject to the following conditions, the Motion will be granted in part.

Plaintiffs, a group of developmentally disabled persons and their families, bring this action challenging Disney's Disability Access Service ("DAS"), which is Disney's current program for accommodating disabled visitors to its various theme parks. The developmentally disabled Plaintiffs contend DAS is discriminatory in violation of the Americans with Disabilities Act ("ADA"). The non-disabled Plaintiffs allege various common law claims arising out of the alleged discrimination, and certain Plaintiffs also plead claims under California law. The current 171-page Complaint includes 14 families encompassing 26 individual Plaintiffs. The instant Motion seeks leave to amend the Complaint solely to add the additional claims of 69 plaintiffs distributed among

- 2 -

30 families. In sum, Plaintiffs are asking the Court to accept a 505-page amended complaint in which 44 families comprising 95 individual plaintiffs plead 211 counts. This the Court cannot do.

Review of the original Complaint (Doc. No. 1) and the proposed additions (Doc. No. 52-1) reveals great variations in the factual circumstances underlying the claims of each family of Plaintiffs. The developmentally disabled Plaintiffs face differing cognitive impairments—ADHD, autism, Down syndrome, etc.—and their symptoms manifest in different ways and in response to different stimuli. Some of the families appear to own Disney annual passes, and encounter DAS frequently, while others claim to have visited a Disney park on only one occasion. The common law allegations are similarly diverse: some families bought one-time-use tickets, sustaining economic damages of only a few hundred dollars, while other families own Disney timeshares or annual passes, or spent thousands of dollars on a Disney vacation. Some Plaintiffs visited Disneyland, in California, while most visited Disney World, in Orlando.

This Court has broad and inherent discretion to manage its docket and the cases before it. *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 863-64 (11th Cir. 2004); *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1268-69 (11th Cir. 2001). A critical weapon in the Court's docket management arsenal is its discretionary authority to, on just terms, "sever any claim against a party." Fed. R. Civ. P. 21; *Estate of Amergi ex rel. Amergi v. Palestinian Auth.*, 611 F.3d 1350, 1367 (11th Cir. 2010) (holding that an effort "to simplify a case that was becoming increasingly unmanageable" was a "sound administrative reason[]" to sever). Given the unique factual circumstances underlying each family's experience with DAS and Disney, the Court finds that the individual claims of each family must be severed, and each family must file a separate complaint. While there are certain common factual issues, each family will need to present individualized proof to succeed on their claims. A single action involving 211 claims and 95 plaintiffs is too

unwieldy for such an undertaking. Continuing this case as a single action would present additional problems: trial would be a logistical nightmare, and the Plaintiffs would have a more difficult time maintaining their privacy. For these reasons, severing each family's claims best serves judicial economy and the interests of justice.

Based on the foregoing, it is ordered as follows:

1. Plaintiffs' Motion for Leave to File Amendment to Complaint (Doc. No. 51), filed August 27, 2014, is **GRANTED in part**.

2. The existing Plaintiffs' claims are hereby **SEVERED**. The Claims of Plaintiff A.L. and his family shall remain in the instant case. On or before November 21, 2014, Plaintiff A.L. shall file an amended pleading in this case that asserts only his and his family's claims.

3. On or before November 21, 2014, the other 13 families whose members are named Plaintiffs in the original Complaint shall file separate actions asserting only their individual claims. Each case shall consist of only one family, and a filing fee shall be paid for each new case.

4. On or before November 21, 2014, the additional 30 families whose claims comprise the proposed amended complaint shall also be permitted to file individual cases. Each of those cases shall consist of only one family, and a filing fee shall be paid for each case.

5. All cases filed pursuant to paragraphs 2-4 of this Order shall be assigned to the undersigned judge and to Magistrate Judge Gregory J. Kelly. At the time each new case is filed, Plaintiffs' counsel shall provide the Clerk with a copy of this Order and shall notify the Clerk that, pursuant to this Order, the case is to be assigned to the undersigned judge and Magistrate Judge Kelly.

- 4 -

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on October 30, 2014.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties