# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PLAINTIFFS OF RECORD,**

    Plaintiffs,

v.

**WALT DISNEY PARKS AND RESORTS US, INC.,**

    Defendant.

Case Nos: 
6:14-cv-1544-Orl-22GJK
6:14-cv-1889-Orl-22GJK
6:14-cv-1890-Orl-22GJK
6:14-cv-1891-Orl-22GJK
6:14-cv-1893-Orl-22GJK
6:14-cv-1895-Orl-22GJK
6:14-cv-1896-Orl-22GJK
6:14-cv-1897-Orl-22GJK
6:14-cv-1900-Orl-22GJK
6:14-cv-1901-Orl-22GJK
6:14-cv-1917-Orl-22GJK
6:14-cv-1918-Orl-22GJK
6:14-cv-1919-Orl-22GJK
6:14-cv-1921-Orl-22GJK
6:14-cv-1922-Orl-22GJK
6:14-cv-1923-Orl-22GJK
6:14-cv-1925-Orl-22GJK
6:14-cv-1926-Orl-22GJK
6:14-cv-1927-Orl-22GJK
6:14-cv-1928-Orl-22GJK
6:14-cv-1929-Orl-22GJK
6:14-cv-1930-Orl-22GJK
6:14-cv-1931-Orl-22GJK
6:14-cv-1932-Orl-22GJK
6:14-cv-1933-Orl-22GJK
6:14-cv-1934-Orl-22GJK
6:14-cv-1935-Orl-22GJK
6:14-cv-1936-Orl-22GJK
6:14-cv-1937-Orl-22GJK
6:14-cv-1938-Orl-22GJK
6:14-cv-1939-Orl-22GJK
6:14-cv-1940-Orl-22GJK
6:14-cv-1942-Orl-22GJK
6:14-cv-1943-Orl-22GJK
6:14-cv-1944-Orl-22GJK
6:14-cv-1945-Orl-22GJK
6:14-cv-1946-Orl-22GJK

Case 6:14-cv-01919-ACC-GJK Document 12

**ORDER**

This cause comes before the Court *sua sponte* upon review of the allegations in the most recently filed Complaint in this and 43 related cases. The Plaintiffs in these cases, who are developmentally disabled persons and their families, bring these actions to challenge Disney's Disability Access Service ("DAS"), which is Disney's current program for accommodating disabled visitors at its various theme parks. Each case includes at least one developmentally disabled Plaintiff who contends that DAS causes discrimination in violation of the Americans with Disabilities Act ("ADA"). Many of the cases also include various common-law claims arising out of the alleged discrimination, and a few Plaintiffs plead claims under a specific California anti-discrimination law.[1] For the following reasons, the Court will decline to exercise supplemental jurisdiction over the California common-law claims[2] that accompany Plaintiffs' ADA claims, but will permit the handful of Unruh Civil Rights Act claims to proceed.

It is the usual practice of this Court to examine whether it should exercise supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367. The federal courts are courts of limited jurisdiction. 28 U.S.C. §§ 1331, 1332. When the Court has original jurisdiction over a cause of action, the Court also has supplemental jurisdiction over claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

---

[1] Unruh Civil Rights Act, Cal. Civ. Code §§ 51, 52.

[2] Ordinarily, after a proper transfer under 28 U.S.C. § 1404(a), the state law of the transferor court (here, California) applies to any transferred state-law claims. *James Ventures, L.P. ex rel. Alpert v. Timco Aviation Servs., Inc.*, 315 F. App'x 885, 888 (11th Cir. 2009) (per curiam) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 641-42, 84 S. Ct. 805, 821-22 (1964)).

Supplemental jurisdiction is not automatic; the Court may exercise some discretion in refusing to hear a case or claim otherwise within its supplemental jurisdiction. *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1563 (11th Cir. 1994). Specifically, Section 1367(c) provides that a district court "may decline to exercise supplemental jurisdiction over a claim" if: (1) "the claim raises a novel or complex issue of State law"; (2) "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction"; (3) "the district court has dismissed all claims over which it has original jurisdiction"; or (4) "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). Further, when the Court finds one of these factors present, "the additional *Gibbs* considerations may . . . influence the court in its decision concerning the exercise of such discretion." *Palmer*, 22 F.3d at 1569. These *Gibbs* factors include, among others, judicial economy, convenience, and whether all claims would ordinarily be expected to be tried together. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725-27, 86 S. Ct. 1130, 1138-40 (1966), *superseded in part by statute*, Judicial Improvements Act of 1990, Pub. L. No. 101-650, Title III, § 310, 104 Stat. 5089 (1990).

In these cases, it would be inappropriate to exercise supplemental jurisdiction over the California common-law claims, which range from negligent and intentional infliction of emotional distress to breach of contract. These claims would predominate over the sole federal claim because each one introduces disparate areas of state law that are separate and distinct from the ADA, presents unique burdens of proof, and would require substantially different and additional evidence to be presented at trial. Litigating these claims in federal court in addition to the ADA claim already at issue would likely confuse the jury and work against judicial economy and convenience.

Because Plaintiffs have not stated any basis for jurisdiction over these claims besides supplemental jurisdiction under 28 U.S.C. § 1367, the Court will dismiss them without prejudice.

California's Unruh Civil Rights Act provides that "[a] violation of the right of any individual under the federal Americans with Disabilities Act of 1990 (P.L. 101-336) shall also constitute a violation of this section" with respect to discrimination that occurs in California. Cal. Civ. Code § 51(f) (footnote omitted); *Cohen v. City of Culver City*, 754 F.3d 690, 701 (9th Cir. 2014) (citing *Munson v. Del Taco, Inc.*, 208 P.3d 623, 625 (2009)). Because liability under section 51(f) of the Unruh Act is coextensive with liability under the ADA, the Court will exercise supplemental jurisdiction over those claims in the cases which allege discrimination occurred in California.

Based on the foregoing, it is ordered as follows:

1. Plaintiffs' claims arising under California common law are **DISMISSED without prejudice**. As provided by 28 U.S.C. § 1367(d), the period of limitations for these claims shall be tolled for 30 days from the entry of this Order, unless state law provides for a longer tolling period.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on February 19, 2015.

*[signature]*
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record

Unrepresented Parties