UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**A. L., by and through D.L., as Next
Friend Parent and Natural Guardian,
and D.L., individually,**

        **Plaintiffs,**

v.                                           **Case No: 6:14-cv-1544-Orl-22GJK**

**WALT DISNEY PARKS AND
RESORTS US, INC.,**

        **Defendant.**

_____/

**ORDER**

On November 19, 2014, Plaintiffs filed an amended complaint (the "Complaint") against Defendant for injunctive and declaratory relief pursuant to the Americans With Disabilities Act, 42 U.S.C. § 12131, *et. seq.* (the "ADA"). Doc. No. 98.[1] In short, Plaintiffs are a developmentally disabled person – A.L. – and that person's next friend, parent, and/or guardian – D.L. – who challenge Defendant's Disability Access Service ("DAS"). Doc. No. 98. The DAS is Defendant's current program for accommodating disabled visitors at its theme parks. Doc. No. 98. Plaintiffs generally allege that the DAS program discriminates against Plaintiffs in violation of the ADA. Doc. No. 98 at 11-40.

On or about December 12, 2014, Plaintiffs served their First Request for Production of Documents on Defendant. *See generally* Doc. No. 116-1 at 1-47. On January 15, 2015, Defendant

---

[1] This case original sought to raise ADA and state law claims on behalf of a group of developmentally disabled persons, but on October 20, 2014, the Court entered an order severing all claims other than those of the current Plaintiffs. Doc. No. 94. On February 19, 2015, the Court entered an order dismissing without prejudice Plaintiffs' claims under California common law and, therefore, the only claim at issue in this case is Plaintiffs' ADA claim in Count I of the Complaint. Doc. No. 98 at 35-40.

served its responses. *Id*. On April 13, 2015, Plaintiffs filed a Motion to Compel the Production of Documents (the "Motion"). Doc. No. 116. On April 30, 2015, Defendant filed its response to the Motion (the "Response"). Doc. No. 117.

The Court has carefully reviewed the Motion and the Response. There are three general issues that should be addressed before the Court resolves the balance of the Motion. First, many of Defendant's objections to Plaintiffs' requests for production state that Defendant will produce documents, but only after the parties reach a confidentiality agreement. *See* Doc. Nos. 116-1 at 2; 117 at 5. The parties appear to have reached an impasse in their negotiations of a confidentiality agreement and Defendant states in the Response that it will be filing a motion for protective order with respect to the same. Doc. No. 117 at 5. To date, Defendant has not filed a motion for protective order. Accordingly, it is hereby **ORDERED** that after complying with Local Rule 3.01(g), **on or before Thursday, May 14, 2015**, Defendant shall file a motion for protective order with respect to the confidentiality of documents for use in discovery in this case. **The motion shall be supported by affidavits, which shall contain the factual support for the requested protective order**.[2] Pursuant to Local Rule 4.15(a), if the parties are able to reach an agreement with respect to a confidentiality at their good faith conference, there will be no need for Defendant to file a motion for protective order because the Court will enforce any written stipulation executed by the parties. *Id*.

Second, Defendant objects to several requests for production based on the attorney-client privilege and/or work product doctrine, and Defendant states that it will produce a privilege log, but Defendant has yet to do so. *See generally* Doc. Nos. 116 at 2; 116-1 at 12; 117 at n.3. Accordingly, it is hereby **ORDERED** that **on or before Thursday, May 14, 2015**, Defendant

---

[2] The Court has attached a proposed model protective order to this order to aid the parties in their good faith conference.

shall serve Plaintiffs with a privilege log, which shall make any claim of privilege expressly and shall describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the applicability of the privilege or protection. *See* Fed. R. Civ. P. 26(b)(5)(A).

Third, Plaintiffs maintain that Defendant's production to date "has failed to identify to which Request the documents are responsive. . . ." Doc. No. 116 at 2. Rule 34(b)(2)(E)(i), Federal Rules of Civil Procedure, requires that a party producing documents responsive to a request for production "must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." *Id*. The Response is silent as to whether Defendant's current production complies with Rule 34(b)(2)(E)(i), Federal Rules of Civil Procedure. Doc. No. 117 at 1-14. However, from the information provided by the parties, it appears the documents produced were not produced in the manner in which they are kept in the usual course of business. Accordingly, pursuant to Rule 34b(2)(E)(i), Federal Rules of Civil Procedure, **on or before Thursday, May 14, 2015**, **Defendant shall provide Plaintiffs a statement identifying each document by Bates number and indicating the request(s) as to which each document is responsive.**

**On or before Monday, May 18, 2015**, after the parties comply with the directives set forth above, they shall confer in a good faith attempt to resolve or narrow the remaining issues in the Motion for the Court to resolve. **On or before Wednesday, May 20, 2015**, the parties shall file a joint notice stating with particularity those issues which have been resolved or narrowed and those issues that remain for the Court to resolve. **On Thursday, May 21, 2015, at 2:00 P.M., in**

**Courtroom No. 3C**, the Court will hold a hearing, if necessary, to resolve the remaining issues. **Lead counsel for the parties shall appear in-person**.

Based on the forgoing, it is hereby **ORDERED** that:

1. **On or before Thursday, May 14, 2015**, after complying with Local Rule 3.01(g), Defendant shall file a motion for protective order with respect to the confidentiality of documents for use in discovery in this case, supported by affidavits, which shall contain the factual support for the requested protective order (*see supra* p. 2);

2. **On or before Thursday, May 14, 2015**, Defendant shall serve Plaintiff with a privilege log, which shall make any claim of privilege expressly and shall describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information, itself privileged or protected, will enable Plaintiff to assess the applicability of the privilege or protection. The privilege log must provide the following information:

    a. Describe the document (e.g.: letter or memorandum) or portion of the document claimed to be privileged;

    b. The document's date;

    c. The name, address and employer of the author(s) of the document(s), or the person giving, recording and/or transcribing a statement;

    d. The purposes for which the document was created and transmitted;

    e. The subject of the document;

    f. The persons to whom the document is addressed;

    g. The persons indicated thereon as having received copies;

    h. The name, address, job title and employer of any person know or believed to have received or seen the document or any copy or summary thereof and the reason(s) why they were provided access thereto;

    i. The relationship to each other of the author, addressee, and any other recipient;

    j. Degree of confidentiality with which it was treated at the time of its creation and transmission, and since;

    k. Other information sufficient to identify the document for a subpoena duces tecum, including, bates numbers assigned to the document; and

    l. Any other facts relevant to the elements of the privilege asserted over the document;

3. **On or before Thursday, May 14, 2015**, Defendant shall provide Plaintiffs a statement identifying each document by Bates number and indicating the request(s) as to which each document is responsive;

4. **On or before Monday, May 18, 2015**, the parties shall confer in a good faith attempt to resolve or narrow the remaining issues in the Motion for the Court to resolve;

5. **On or before Wednesday, May 20, 2015**, the parties shall file a joint notice stating with particularity those issues which have been resolved or narrowed and those issues that remain for the Court to resolve; and

6. Unless otherwise ordered, on **THURSDAY MAY 21, 2015, AT 2:00 P.M. in Courtroom No. 3C, lead counsel for the parties shall appear in person for a hearing before the undersigned to resolve the remaining issues**.

**DONE** and **ORDERED** in Orlando, Florida on May 6, 2015.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties