UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

A.L. and D.L.,

    Plaintiffs,

v.                               Case No:   6:14-cv-1544-Orl-22GJK

WALT DISNEY PARKS AND RESORTS
US, INC.,

    Defendant.

## ORDER

This Americans with Disabilities Act, 42 U.S.C. §12311 *et seq.* case was tried by the Court without a jury on February 18-20, 2020 and the parties are awaiting a decision (Docs. 316, 318, 322). Now pending before the Court is their joint motion to seal certain trial exhibits (Doc. 334). After due consideration, with one exception, the motion is **GRANTED**.

"The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it). He may not rubber stamp a stipulation to seal the record." Estate of Martin Luther King, Jr., Inc. v. CBS, Inc., 184 F. Supp. 2d 1353, 1363 (N.D. Ga. Feb. 15, 2002) (quoting Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999)). "The right to inspect and copy is not absolute, however, and a judge's exercise of discretion in deciding whether to release judicial records should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question." Chemence Med. Prods., Inc. v. Medline Indus., No. 1:13-CV-500-TWT, 2015 WL 149984, at *1 (N.D. Ga. Jan. 12, 2015).

The public's right of access may be overcome by a showing of "good cause" sufficient for the granting of a protective order pursuant to Fed. R. Civ. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense …"). "'Good cause' is a well established legal phrase. Although difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action." In re Alexander Grant, 820 F.2d 352, 356 (11th Cir. 1987). The Eleventh Circuit has "superimposed a somewhat more demanding balancing or interests approach to the" good cause requirement in Rule 26(c). Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985). This means that before making its decision, the court has a duty to balance the public's right of access against the party's interest in confidentiality. The Eleventh Circuit has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." Romero v. Drummond Co., 480 F.3d 1234, 1245-1246 (11th Cir. 2007).

The parties claim that Plaintiffs' trial exhibits 68, 72, and 151-173, should be sealed because they contain Plaintiffs' confidential and personally identifiable information (Doc. 334, at 3-4). After reviewing the exhibits, the Court finds that all should be sealed except for Plaintiffs' Trial Exhibit 68 which provides tips for visiting Disney properties with children with autism and does not contain any of Plaintiffs' confidential or personally identifiable information.

The parties also claim that Plaintiffs' trial exhibits 342 and 345, and Defendant's trial exhibits 37, 39, 41, 65, 66, 67, 68, 70, 71, and 74, should be sealed because they contain Defendant's confidential data, proprietary information, park statistics, metrics, internal study results, business operations, and communications strategies (Id., at 4-5).

The Court has reviewed these exhibits and fins that they contain such confidential and proprietary information.

The Court has balanced the parties' interests in the documents they ask be sealed against the public's right of access and finds, with one exception, that the parties have met their burden. Accordingly, good cause has been shown, and the parties' interest outweighs the public's interest in Plaintiffs' trial exhibits 72, 151-173, 342 and 345, and Defendant's trial exhibits 37, 39, 41, 65, 66, 67, 68, 70, 71, and 74.

Plaintiffs' trial exhibits 72, 151-173, 342 and 345 and Defendant's trial exhibits 37, 39, 41, 65, 66, 67, 68, 70, 71, and 74 (Docs. 330-7, 330-9 through 330-10, & 330-18 through 330-24) shall be placed **UNDER SEAL.** The seal shall remain in force for a period of **one year** from the rendition of this Order. See Local Rule 1.09(c). Any party may seek an extension of the seal on motion filed before the seal expires. Versions of the documents listed above, from which confidential information has been redacted, may be filed on the public docket.

**DONE** and **ORDERED** in Orlando, Florida on March 5, 2020.

*[Signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record